Southern District of Georgia (Augusta Division)

AO 243 (Rev. 09/17)

## MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT
## SENTENCE BY A PERSON IN FEDERAL CUSTODY

| **United States District Court** | District | Southern District of Georgia (Augusta Division) |
|---|---|---|
| Name *(under which you were convicted)*:<br>Donnie Obie Skillman | | Docket or Case No.:<br>1:23-cr-00062-JRH-BKE |
| Place of Confinement:<br>Coleman Low FCI | | Prisoner No.:<br>88615-510 |
| UNITED STATES OF AMERICA | | Movant *(include name under which convicted)* |

V.    Donnie Skillman

U.S DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

### MOTION

1.  (a) Name and location of court which entered the judgment of conviction you are challenging:

    United States District Court, Augusta GA Division
    600 James Brown Blvd, Augusta, GA 30901

MAY 0 6 2026

FILED

    (b) Criminal docket or case number (if you know):  1:23-cr-00062-JRH-BKE

2.  (a) Date of the judgment of conviction (if you know):  4/23/2025

    (b) Date of sentencing:  4/17/2025

3.  Length of sentence:  132 months' imprisonment and 3 years of supervised release per count

4.  Nature of crime (all counts):

    Count 1: 21 U.S.C. § 846 – Conspiracy to possess with intent to distribute and to distribute methamph
    Count 3: 21 U.S.C. § 841(a)(1) – Distribution of methamphetamine (Verdict: Not Guilty)
    Count 7: 21 U.S.C. § 841(a)(1) – Possession with intent to distribute methamphetamine (Verdict: Guilty)
    Count 8: 18 U.S.C. § 924(c) – Possession of a firearm in furtherance of a drug trafficking crime (Verdict:
    Count 9: 18 U.S.C. § 922(g)(1) – Possession of a firearm by a prohibited person (Dismissed prior to trial
    Count 10: 18 U.S.C. § 922(k) – Possession of a firearm with an obliterated serial number (Verdict: Guilty

5.  (a) What was your plea?  (Check one)

    (1) Not guilty  ☑        (2) Guilty  ☐        (3) Nolo contendere (no contest)  ☐

6.  (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment,
    what did you plead guilty to and what did you plead not guilty to?

    Not applicable. Movant pleaded Not Guilty to all counts and proceeded to jury trial.

6.  If you went to trial, what kind of trial did you have?  (Check one)    Jury ☑    Judge only ☐

7.  Did you testify at a pretrial hearing, trial, or post-trial hearing?    Yes ☐    No ☑

Page 2 of 13

AO 243 (Rev. 09/17)

8. Did you appeal from the judgment of conviction?     Yes ☐     No ☑

9. If you did appeal, answer the following:

   (a) Name of court: _____

   (b) Docket or case number (if you know): _____

   (c) Result: _____

   (d) Date of result (if you know): _____

   (e) Citation to the case (if you know): _____

   (f) Grounds raised:

   (g) Did you file a petition for certiorari in the United States Supreme Court?     Yes ☐     No ☑

     If "Yes," answer the following:

     (1) Docket or case number (if you know): _____

     (2) Result: _____

     (3) Date of result (if you know): _____

     (4) Citation to the case (if you know): _____

     (5) Grounds raised:

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications, concerning this judgment of conviction in any court?
   Yes ☑     No ☐

11. If your answer to Question 10 was "Yes," give the following information:

   (a) (1) Name of court:   United States District Court, Southern District of Georgia (Augusta Division) [DOC 381]

     (2) Docket or case number (if you know): _____

     (3) Date of filing (if you know): _____

AO 243 (Rev. 09/17)

(4) Nature of the proceeding: Renewed Motion for Judgment of Acquittal (Rule 29) and Motion for New Trial

(5) Grounds raised:

Insufficient evidence for Count 8 (firearm in furtherance) and Count 10 (knowledge of obliterated serial number) Motion filed as Doc. 378; denied by Order Doc. 381

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?

Yes ☐     No ☑

(7) Result: Denied

(8) Date of result (if you know): 12/20/2024

(b) If you filed any second motion, petition, or application, give the same information:

(1) Name of court: _____

(2) Docket of case number (if you know): _____

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?

Yes ☐     No ☐

(7) Result: _____

(8) Date of result (if you know): _____

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

(1) First petition:     Yes ☐     No ☐

(2) Second petition:     Yes ☐     No ☐

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

No appeal was filed because counsel failed to adequately consult about appeal rights and failed to file a notice of appeal after Movant timely expressed intent to appeal (04/24/2025 message)

AO 243 (Rev. 09/17)

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

GROUND ONE: IAC—warrant packet/scope suppression failures

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

See attached 'Attachment to AO

(b) Direct Appeal of Ground One:

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐    No ☑

(2) If you did not raise this issue in your direct appeal, explain why:

No direct appeal was filed because counsel failed to adequately consult regarding appeal rights and failed to file a notice of appeal after Movant timely expressed intent to appeal (04/24/2025 message).

(c) Post-Conviction Proceedings:

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐    No ☑

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐    No ☑

AO 243 (Rev. 09/17)

   (4)  Did you appeal from the denial of your motion, petition, or application?

        Yes ☐    No ☑

   (5)  If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

        Yes ☐    No ☐

   (6)  If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Not applicable

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

   (7)  If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

No direct appeal was filed because counsel failed to adequately consult about appeal rights and failed to file a notice of appeal after Movant timely expressed an intent to appeal (time-stamped message dated 04/24/2025). No prior post-conviction motion/petition/application was filed, so there was nothing to appeal.

**GROUND TWO:**  IAC—coerced oral statement not suppressed (10/06/2022)

   (a)  Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

On 10/06/2022, agents Jeremy Youngblood and Shadeed Woods confronted Movant at 1909 Janelle Road. Agents threatened to charge Movant's special-needs sister, Linda Moore, unless Movant admitted ownership of items seized during the 06/28/2022 search. Under this threat, Movant made an oral statement. After arrest and removal from the property, Movant refused to provide any written or recorded statement and remained silent. Counsel did not file a motion to suppress the oral statement or request a hearing on voluntariness.

  (b) **Direct Appeal of Ground Two:**

   (1)  If you appealed from the judgment of conviction, did you raise this issue?

        Yes ☐    No ☑

AO 243 (Rev. 09/17)

(2)  If you did not raise this issue in your direct appeal, explain why:

No direct appeal was filed because counsel failed to adequately consult about appeal rights and failed to file a
notice of appeal after Movant timely expressed an intent to appeal (time-stamped message dated 04/24/2025)

(c)  **Post-Conviction Proceedings:**

(1)  Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐   No ☑

(2)  If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

(3)  Did you receive a hearing on your motion, petition, or application?

Yes ☐   No ☑

(4)  Did you appeal from the denial of your motion, petition, or application?

Yes ☐   No ☑

(5)  If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐   No ☐

(6)  If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

(7)  If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this
issue:

No prior post-conviction motion/petition/application was filed, so there was nothing to appeal.

AO 243 (Rev. 09/17)

**GROUND THREE:** IAC—Informant impeachment/continuance failures

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

A government informant did not identify Movant during initial debriefings in 2022. On the day of trial in November 2024, the informant changed testimony and claimed the informant had seen and identified Movant. Counsel did not investigate the prior debriefings, did not obtain and use prior inconsistent statements for impeachment, and did not request a continuance to address the change on the day of trial. Counsel also did not effectively address inconsistencies in law-enforcement testimony regarding who was present during the search

(b) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?
Yes ☐    No ☑

(2) If you did not raise this issue in your direct appeal, explain why:

No prior post-conviction motion/petition/application was filed, so there was nothing to appeal

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?
Yes ☐    No ☑

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

(3) Did you receive a hearing on your motion, petition, or application?
Yes ☐    No ☑

(4) Did you appeal from the denial of your motion, petition, or application?
Yes ☐    No ☑

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
Yes ☐    No ☐

AO 243 (Rev. 09/17)

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

No direct appeal was filed because counsel failed to adequately consult about appeal rights and failed to file a notice of appeal after Movant timely expressed an intent to appeal (time-stamped message dated 04/24/2025).

_____

**GROUND FOUR:**  IAC—lost appeal rights (no notice/consult)

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Judgment was imposed on 04/17/2025 and signed on 04/23/2025. On 04/24/2025, Movant transmitted a time-stamped message stating Movant intended to appeal and did not consent to waiver of appellate rights. Counsel did not file a notice of appeal. Counsel did not adequately consult with Movant about appeal rights and advised Movant that filing an appeal could cause the judge to impose a longer sentence, which discouraged Movant from appealing.

(b) **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐    No ☑

(2) If you did not raise this issue in your direct appeal, explain why:

No prior post-conviction motion/petition/application was filed, so there was nothing to appeal

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐    No ☑

(2) If you answer to Question (c)(1) is "Yes," state:

AO 243 (Rev. 09/17)

**Type of motion or petition:** _____

Name and location of the court where the motion or petition was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

(3) Did you receive a hearing on your motion, petition, or application?

  Yes ☐    No ☑

(4) Did you appeal from the denial of your motion, petition, or application?

  Yes ☐    No ☑

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

  Yes ☐    No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

No direct appeal was filed because counsel failed to adequately consult about appeal rights and failed to file a notice of appeal after Movant timely expressed an intent to appeal (time-stamped message dated 04/24/2025).

_____

13. Is there any ground in this motion that you have <u>not</u> previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

Yes. Grounds One through Six have not been previously presented in any federal court as post-conviction claims because no direct appeal was filed and no prior post-conviction petition was filed.

AO 243 (Rev. 09/17)

14. Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the you are challenging?    Yes ☐    No ☑

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At the preliminary hearing:

(b) At the arraignment and plea:
Holly Chapman

(c) At the trial:
Holly Chapman

(d) At sentencing:
Holly Chapman

(e) On appeal:
N/A

(f) In any post-conviction proceeding:

(g) On appeal from any ruling against you in a post-conviction proceeding:

16. Were you sentenced on more than one court of an indictment, or on more than one indictment, in the same court and at the same time?    Yes ☐    No ☑

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?    Yes ☐    No ☑

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed: _____

(c) Give the length of the other sentence: _____

(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?    Yes ☐    No ☐

AO 243 (Rev. 09/17)

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

14-day appeal period expired on or about 05/07/2025; this § 2255 motion is filed within one year of finality

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –

(1) the date on which the judgment of conviction became final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

AO 243 (Rev. 09/17)

Therefore, movant asks that the Court grant the following relief:

Vacate conviction/sentence; new trial or other relief; evidentiary hearing; appoint counsel; restore appeal rights (vacate/reenter judgment); any other relief deemed proper.

or any other relief to which movant may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on _April 30 2026_ .
(month, date, year)

Executed (signed) on _____ (date)
April 30 2026

_____
Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF GEORGIA**

**AUGUSTA DIVISION**

DONNIE SKILLMAN,

( Movant,)

v.                                    Civil Action No. _____

UNITED STATES OF AMERICA,

( Respondent.)

(Associated Criminal Case No. 1:23-cr-00062-JRH-BKE)

**TABLE OF CONTENTS**

I. KEY GROUNDS FOR RELIEF (SUMMARY).................................................................2

II. MEMORANDUM OF LAW IN SUPPORT.................................................................3

III. ATTACHMENT TO AO-243 – QUESTION 12.........................................................12

IV. ADDENDUM.................................................................................................16

V. EXHIBIT LIST.................................................................................................19

VI. DECLARATION OF MAILING .........................................................................20

1
Page

## I. KEY GROUNDS FOR RELIEF (SUMMARY)

Ground One: Counsel failed to litigate search warrant and scope issues.

Ground Two: Counsel failed to suppress the coerced statement.

Ground Three: Counsel failed to impeach informant.

Ground Four: Counsel failed to preserve appeal rights.

Ground Five: Conflict and breakdown in representation.

Ground Six: Failure to preserve Count 7 post-trial.

## II. MEMORANDUM OF LAW IN SUPPORT

Movant Donnie Skillman submits this Memorandum of Law in support of his Motion under 28 U.S.C. § 2255. Movant was tried by jury in November 2024. The jury found Movant guilty on Count Seven (21 U.S.C. § 841(a)(1)), Count Eight (18 U.S.C. § 924(c)), and Count Ten (18 U.S.C. § 922(k)), not guilty on Counts One and Three, and Count Nine was dismissed prior to trial. Movant was sentenced to 132 months' imprisonment and three (3) years (/per count) of supervised release. Judgment was imposed on April 17, 2025 and signed on April 23, 2025. No direct appeal was filed.

Movant seeks relief because trial counsel rendered ineffective assistance by:

(1) failing to obtain and litigate the complete search-warrant packet and search-scope issues;

(2) failing to move to suppress an involuntary oral statement induced by threats against a family member;

(3) failing to investigate and impeach key witness testimony that changed on the day of trial and failing to exploit inconsistencies in law-enforcement testimony;

(4) failing to preserve Movant's appellate rights after Movant timely expressed the intent to appeal;

(5) operating under circumstances demonstrating a breakdown in representation and potential conflict; and

(6) failing to renew/brief challenges to Count Seven post-trial.

3
Page

These errors undermine confidence in the outcome and require relief.

## B. LEGAL STANDARD

Under Strickland v. Washington, 466 U.S. 668 (1984), ineffective assistance requires (1) deficient performance falling below an objective

standard of reasonableness and (2) prejudice—meaning a reasonable probability that, but for counsel's errors, the result would have been

different.

Under Roe v. Flores-Ortega, 528 U.S. 470 (2000), counsel is ineffective when counsel fails to file a notice of appeal after a defendant

reasonably demonstrated an interest in appealing and counsel failed to adequately consult about appeal rights, or when counsel fails to file

after being instructed. When counsel's deficient performance results in the loss of an appeal the defendant would have pursued, prejudice is

established because the defendant is deprived of an appellate proceeding.

Under 28 U.S.C. § 2255(b), the Court must hold an evidentiary hearing unless the motion and record conclusively show the movant is not

entitled to relief. Where claims depend on facts outside the record—coercion, witness disputes, attorney communications, and decisions not to litigate suppression—an evidentiary hearing is warranted.

## C. ARGUMENT

### 1. Ground One: Counsel Failed to Obtain, Investigate, and Challenge the Search Warrant Packet and Search Scope

Movant alleges that on June 28, 2022, agents executed a search warrant at 1909 Janelle Road, Augusta, Georgia, and the warrant materials presented at the scene were incomplete/missing sections and referenced exhibits not provided. Movant also alleges agents searched a vehicle after being told it did not belong to Movant and that reports later mischaracterized witness statements regarding ownership of firearms and/or the vehicle.

Competent counsel would have obtained and reviewed the complete warrant packet (warrant, affidavit, incorporated attachments/exhibits, return, inventory), compared it to the scope of the search and items seized, and litigated suppression and scope issues, including whether

misstatements/omissions, nexus defects, or scope violations warranted suppression or a hearing. Counsel also should have investigated and

developed the disputed witness/ownership issues.

Because the seized evidence formed the basis of Counts 7, 8, and 10, counsel's failures created a

reasonable probability of a different outcome.

2. Ground Two: Counsel Failed to Suppress an Involuntary Oral Statement Induced by Threats Against a Family Member

Movant alleges that on October 6, 2022, agents threatened to charge Movant's special-needs sister, Linda Moore, unless Movant admitted

ownership of items seized during the June 28 search. Under this threat, Movant made an oral statement. After arrest and removal from the

property, Movant refused any written or recorded statement and remained silent.

Threats against a family member can render a statement involuntary. Competent counsel would have investigated corroborating witnesses,

developed the circumstances, and moved to suppress the statement.

Prejudice is shown because admission/confession evidence was used to link Movant to firearms

and seized evidence used to support Counts 8

6
Page

and 10 (and to connect Movant to the residence evidence supporting Counts 7/8/10).

3. Ground Three: Counsel Failed to Investigate and Impeach the Confidential Informant and Failed to Exploit Inconsistent Testimony

Movant alleges a government informant did not identify Movant during initial debriefings in 2022 but changed testimony on the day of trial in

November 2024 to claim identification. Competent counsel would have investigated prior debriefings, obtained impeachment material (prior

inconsistent statements, benefits, motive), and sought a continuance when identification testimony changed on the day of trial.

Movant also alleges law-enforcement testimony was inconsistent regarding who was present during the search. Credibility was central, and

counsel's failure to impeach and exploit contradictions undermined the defense. Effective investigation and impeachment could have changed

the outcome on one or more counts.

4. Ground Four: Counsel Failed to Preserve Movant's Appellate Rights

Movant timely expressed intent to appeal. On April 24, 2025, Movant transmitted a time-stamped message stating intent to appeal and non-

7
Page

consent to waiver of appellate rights. No notice of appeal was filed. Counsel did not adequately consult with Movant about appeal rights and

discouraged appeal by advising the judge could impose a longer sentence if Movant appealed.

Under Flores-Ortega, counsel's failure to adequately consult and/or to file a notice of appeal after Movant demonstrated interest in appealing

constitutes deficient performance. Prejudice is established because Movant was deprived of the appellate proceeding Movant would have pursued.

The appropriate remedy is restoration of direct appeal rights, commonly by vacating and reentering judgment to permit a timely notice of appeal.

5. Ground Five: Conflict of Interest / Breakdown in Representation

Movant was initially represented by attorney Kirk Gilliard (10/06/22) and later by attorney Holly Chapman. . Movant

did not knowingly waive any conflict. Movant alleges the transition and relationship created a breakdown in independent representation that

adversely affected core litigation choices, including suppression litigation, witness investigation, impeachment, and appeal preservation. These

issues require factual development at a hearing.

6. Ground Six: Counsel Failed to Renew/Brief Challenges to Count Seven Post-Trial

During trial, Movant orally moved for judgment of acquittal on Counts 1, 7, and 8 and the Court denied the motion. After trial, renewed Rule

29 and Rule 33 motions were litigated only on Counts 8 and 10 and were denied by the Court. Counsel should have renewed and fully briefed

post-trial sufficiency and/or new-trial arguments as to Count 7 as well, particularly where credibility was contested and the jury returned a split

verdict. The omission forfeited a meaningful opportunity for relief and weakened issue preservation.

## D. PREJUDICE

The evidence supporting the convictions depended heavily on search-derived evidence, alleged admissions/confession, and witness credibility.

Movant's claims target those pillars: suppression and scope litigation aimed at the fruits of the search; suppression of an involuntary oral

statement tying Movant to firearms and seized items; and impeachment of identification testimony. Separately and independently, Movant was

denied a direct appeal that Movant timely sought.

## E. EVIDENTIARY HEARING

9
Page

A hearing is required because Movant's claims rely on facts outside the record and require credibility determinations, including: (1) what warrant materials were presented at the scene and whether counsel obtained and reviewed the complete warrant packet; (2) whether agents threatened to charge Linda Moore and whether that threat induced Movant's oral statement; (3) the informant's prior debriefings compared to trial testimony and the timing of any identification change; (4) counsel's receipt of Movant's appeal request and counsel's consultation (or lack thereof) about appeal; and (5) the nature and effect of any conflict during the transition of counsel.

## F. CONCLUSION / RELIEF REQUESTED

Movant respectfully requests that the Court grant appropriate relief under 28 U.S.C. § 2255, including: (1) vacatur of the conviction and sentence and a new trial or other appropriate relief; (2) restoration of direct appeal rights (including vacatur and reentry of judgment to permit a timely notice of appeal); (3) an evidentiary hearing; (4) appointment of counsel for any hearing; and (5) any additional relief the Court deems just and proper.

Respectfully submitted,

10
Page

Donnie Skillman, Movant (Pro Se)

FCC Coleman Low, Florida

Reg. No.: 88615-510

Date: April 30 2026

**III. ATTACHMENT TO AO-243**

ATTACHMENT TO AO-243 – QUESTION 12

GROUNDS FOR RELIEF AND SUPPORTING FACTS

Criminal No. 1:23-cr-00062-JRH-BKE (S.D. Ga., Augusta Division)


TIMELINESS (for the Court's reference):

Judgment was imposed on 04/17/2025 and signed on 04/23/2025. No direct appeal was filed.

The 14-day appeal period expired on or about

05/07/2025. This § 2255 motion is filed within one year of finality and is timely under 28 U.S.C.

§ 2255(f)(1).


DIRECT APPEAL (applies to each ground below):

No direct appeal was filed because counsel failed to adequately consult about appeal rights and

failed to file a notice of appeal after Movant timely

expressed intent to appeal (time-stamped message dated 04/24/2025).


POST-CONVICTION PROCEEDINGS (applies to each ground below):

Movant has not previously filed any post-conviction motion, petition, or application concerning

this judgment of conviction.


GROUND ONE – Ineffective Assistance: Failure to Obtain, Investigate, and Challenge Search

Warrant / Search Scope

Supporting Facts (no law):

12
Page

On 06/28/2022, agents executed a search warrant at 1909 Janelle Road, Augusta, Georgia. The warrant materials presented at the scene were

incomplete/missing sections and referenced exhibits not provided. Agents searched a vehicle after being informed it did not belong to Movant.

Reports later attributed ownership of firearms and/or the vehicle to Movant based on witness statements that are disputed. Counsel did not obtain

the full warrant packet and did not file a motion to suppress or request a hearing. Seized evidence was used to convict on Counts 7, 8, and 10.

GROUND TWO – Ineffective Assistance: Failure to Suppress Coerced/Involuntary Oral Statement (10/06/2022)

Supporting Facts (no law):

On 10/06/2022, agents Jeremy Youngblood and Shadeed Woods confronted Movant at 1909 Janelle Road. Agents threatened to charge Movant's

special-needs sister, Linda Moore, unless Movant admitted ownership of items seized during the 06/28/2022 search. Under this threat, Movant

made an oral statement. After arrest and removal from the property, Movant refused any written or recorded statement and remained silent. Counsel

did not file a motion to suppress the oral statement or request a hearing on voluntariness.

GROUND THREE – Ineffective Assistance: Failure to Investigate and Impeach Informant / Failure to Seek Continuance

Supporting Facts (no law):

A government informant did not identify Movant during initial debriefings in 2022. On the day of trial in November 2024, the informant changed

testimony and claimed the informant had seen and identified Movant. Counsel did not investigate the prior debriefings, did not obtain and use prior

inconsistent statements for impeachment, and did not request a continuance to address the change on the day of trial. Counsel also did not effectively

address inconsistencies in law-enforcement testimony regarding who was present during the search.

GROUND FOUR – Ineffective Assistance: Failure to Consult About Appeal / Failure to File Notice of Appeal

Supporting Facts (no law):

Judgment was imposed on 04/17/2025 and signed on 04/23/2025. On 04/24/2025, Movant transmitted a time-stamped message stating Movant

intended to appeal and did not consent to waiver of appellate rights. Counsel did not file a notice of appeal. Counsel did not adequately consult with

Movant about appeal rights and advised Movant that filing an appeal could cause the judge to impose a longer sentence, which discouraged Movant

from appealing.

GROUND FIVE – Ineffective Assistance: Conflict of Interest / Breakdown in Representation

Supporting Facts (no law):

14
Page

Movant was initially represented by attorney Kirk Gilliard when arrested Oct 6 2022 and later by attorney Holly Chapman through court, Mr. Kirk informed Skillman's family that Ms. Chapman was a personal friend. Movant did not

knowingly waive any conflict. Movant contends the transition and relationship created a breakdown in independent representation that adversely affected

core litigation choices, including suppression litigation, witness investigation, impeachment, and appeal preservation.

GROUND SIX – Ineffective Assistance: Failure to Renew/Brief Count 7 Post-Trial and Preserve Issues

Supporting Facts (no law):

During trial Movant orally moved for judgment of acquittal on Counts 1, 7, and 8 and the Court denied the motion. Post-trial renewed Rule 29 and Rule

33 motions were litigated only on Counts 8 and 10 and were denied by the Court. Counsel did not renew/brief Count 7 post-trial.

## IV. ADDENDUM: EVIDENTIARY HEARING REQUESTED / ISSUES FOR HEARING

ADDENDUM: EVIDENTIARY HEARING REQUESTED / ISSUES FOR HEARING (28 U.S.C. § 2255)

Movant requests an evidentiary hearing because the claims depend on material facts outside the record and require credibility determinations.

The following issues require testimony and findings:

1) Search Warrant Packet / Scope (Ground One)

   a. What warrant materials were provided at the scene on 06/28/2022 and whether they were incomplete/missing sections.

   b. Whether counsel obtained and reviewed the complete warrant packet from the Court; if not, why not.

   c. Whether agents searched a vehicle after being told it did not belong to Movant, and the justification asserted.

   d. Whether statements attributed to witnesses regarding ownership were accurate; whether witnesses dispute the reports.

2) Coerced Oral Statement / Voluntariness (Ground Two)

   a. Whether agents threatened to charge Movant's special-needs sister, Linda Moore, unless Movant admitted ownership.

16
Page

b. Circumstances of the oral statement and whether the threat produced the statement.

c. Whether counsel investigated these facts and litigated suppression; if not, why not.

3) Informant Identification Shift / Trial Surprise (Ground Three)

a. Whether informant debriefings in 2022 lacked identification and trial testimony changed on the day of trial.

b. When counsel learned of the change; whether counsel sought prior debriefing notes/benefits and impeachment evidence.

c. Whether counsel requested a continuance or other remedy to address surprise testimony.

4) Lost Appeal Rights (Ground Four)

a. Whether counsel received or was aware of Movant's 04/24/2025 appeal request message.

b. Whether counsel consulted adequately about appeal rights and why no notice of appeal was filed within the Rule 4(b) deadline.

c. Whether counsel advised that an appeal could result in a longer sentence and whether it deterred appeal.

5) Conflict / Breakdown (Ground Five)

a. Nature of transition between Kirk Gilliard and Holly Chapman; existence of any conflict; whether Movant waived.

b. Whether any conflict adversely affected litigation decisions (suppression, investigation, impeachment, appeal preservation).

6) Post-Trial Motions Omission (Ground Six)

   a. Why Count 7 was not renewed/briefed post-trial.

   b. Whether a reasonable challenge existed and whether omission prejudiced Movant.

Movant requests a hearing, appointment of counsel for hearing, and appropriate relief including restoration of direct appeal rights.

## V. EXHIBIT LIST

Exhibit A: DEA Report of Investigation (Doc. 330-1) (File # 69-22-0018)

Exhibit B: Sentencing Memorandum (Doc. 396)

Exhibit C: April 24, 2025 Time-Stamped Appeal Request Message

Exhibit D: Order Denying Renewed Rule 29 and Rule 33 Motions (Doc. 381, filed 12/20/2024)

VI. DECLARATION OF MAILING

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

DONNIE SKILLMAN,

   (Movant)

      v.                              Civil Action No. _____

UNITED STATES OF AMERICA,

   ( Respondent)

(Associated Criminal Case No. 1:23-cr-00062-JRH-BKE)

DECLARATION OF MAILING (PRISON MAILBOX RULE)

I, Donnie Skillman, declare under penalty of perjury:

1. I am incarcerated at FCC Coleman Low, Florida.

2. On _April 30 2026_ (month/day/year), I placed my Motion under 28 U.S.C. § 2255 and all attachments  into the institution's legal mailing system addressed to the Clerk of Court, United States District Court, Southern District of Georgia, Augusta Division.

20
Page

3. I understand that under the prison mailbox rule, this filing is deemed filed on the date I delivered it to prison officials for mailing.

Executed on ___April 30 2026___ (month/day/year).

Donnie Skillman, Movant

Reg. No.: __88615-510__

FCI Coleman Low, Florida

21
Page

**U.S. Department of Justice**
**Drug Enforcement Administration**

*Exhibit A*

| **REPORT OF INVESTIGATION** | | | | Page 1 of 8 | |
|---|---|---|---|---|---|
| 1. Program Code | 2. Cross File | Related Files | 3. File No. ▓▓▓▓▓ | | 4. G-DEP Identifier ▓▓▓ |
| 5. By: Jeremy K Youngblood, SA  At: | ☐ ☐ ☐ | | 6. File Title  SKILLMAN, Donnie | | |
| 7. ☐ Closed ☐ Requested Action Completed  ☐ Action Requested By: | ☐ ☐ | | 8. Date Prepared  06-28-2022 | | |
| 9. Other Officers: SA Jason Kennedy, SA Anthony Martinez, TFO Shedree Woods, TFO Nicholas Cooper | | | | | |
| 10. Report Re: Acquisition of Exhibits 9 through 24 from 1909 Janelle Road, on June 28, 2022. | | | | | |

## SYNOPSIS

On June 28, 2022, the DEA Augusta POD, the DEA Atlanta Field Division (FD) SRT, and Georgia State Patrol (GSP) executed a federal search warrant at 1909 Janelle Road, Augusta, GA. During this investigation, this residence has been identified as the residence for Donnie SKILLMAN. During a search of the residence, exhibits 9 through 24 and 6 firearms were located and seized.

## DETAILS

1. On June 28, 2022, the DEA Augusta POD, the DEA Atlanta Field Division (FD) SRT, and Georgia State Patrol (GSP) executed a federal search warrant at 1909 Janelle Road, Augusta, GA (hereinafter the target location). During this investigation, this residence has been identified as the residence for Donnie SKILLMAN.

2. At approximately 5:30 am, DEA Augusta POD, DEA Atlanta FD SRT, and GSP met and briefed regarding the execution of the search warrant.

3. At approximately 5:55 am, agents/investigators traveled to the target location.

4. At approximately 6:00 am, DEA Atlanta FD SRT and GSP arrived at the target location and executed the search warrant. SRT members approached the residence and knocked and announced their

| 11. Distribution:  Division   District   Other | 12. Signature (Agent)  /s/ Jeremy K Youngblood, SA | 13. Date  06-28-2022 |
|---|---|---|
| | 14. Approved (Name and Title)  /s/ Jamie C Lukich, GS | 15. Date  07-06-2022 |

DEA Form   - 6
(Jul. 1996)

**DEA SENSITIVE**
**Drug Enforcement Administration**

This report is the property of the Drug Enforcement Administration.
Neither it nor its contents may be disseminated outside the agency to which loaned.

Previous edition dated 8/94 may be used.

U.S. Department of Justice
Drug Enforcement Administration

*Exhibit A*

| REPORT OF INVESTIGATION | 1. File No. | 2. G-DEP Identifier |
|---|---|---|
| *(Continuation)* | 3. File Title SKILLMAN, Donnie | |
| 4. Page 2 of 8 | | |
| 5. Program Code | 6. Date Prepared 06-28-2022 | |

presence. After a short period, with no answer, SRT members breached the front door. Entry was ultimately made, and SRT members made contact with an individual, later identified as Linda Moore, who was located in the back bedroom. SRT members detained Moore and secured the residence. SKILLMAN was not located at the residence. Anita Williams, SKILLMAN's niece and neighbor, arrived and advised that SKILLMAN was currently not home and did not know the location of SKILLMAN.

5. Once the scene was secured, a search of the residence was conducted. Below are the items located and seized, and the location of each item:

- In the middle bedroom, SA Jeremy Youngblood located an unloaded 20 gauged shotgun (serial # 870793) on the bed. Also on the bed, was a black gun case that contained a loaded Highpoint 9mmX19, model 995 (serial number scratched off), with a black magazine containing 9 mm rounds and a loaded J.C. Higgins, model 25, 22 caliber rifle. In the same room, TFO Shedree Woods located a box that contained a small baggie containing approximately one gram of suspected fentanyl (exhibit 22) and a small baggie containing approximately one gram of suspected marijuana (exhibit 23). Also located inside the box was a yellow Dewalt box that contained a small baggie containing four Alprazolam pills (exhibit 20) and a small baggie containing seven Zolpidem pills (exhibit 21).

- In the bathroom, TFO Woods located several syringes in the pockets of camouflaged overalls hanging on the door. Two of the syringes had brown liquid in them. The liquid was tested and yielded a positive alert for methamphetamine (exhibit 24)

- In the living room, SA Jason Kennedy located a loaded Smith & Wesson 357 Magnum, model 66-8 (serial # DLD3511) and several boxes of assorted firearm ammunition at the bottom of a wooden gun cabinet.

- Outside in the drive way, was a silver 2001 Mitsubishi Galant, no tag. Inside the center console and on the rear driver floorboard

DEA Form - 6a
(Jul. 1996)

**DEA SENSITIVE**
Drug Enforcement Administration

This report is the property of the Drug Enforcement Administration.
Neither it nor its contents may be disseminated outside the agency to which loaned.

Previous edition dated 8/94 may be used.

U.S. Department of Justice
Drug Enforcement Administration

*Exhibit A*

| REPORT OF INVESTIGATION | 1. File No. G9-22-0018 | 2. G-DEP Identifier YCA3E |
|---|---|---|
| *(Continuation)* | 3. File Title SKILLMAN, Donnie | |

| 4. Page 3 of 8 | |
|---|---|
| 5. Program Code | 6. Date Prepared 06-28-2022 |

were shotgun ammunition. Located inside the trunk, SA Anthony Martinez located a gun case that contained a black Ruger, American 308 rifle (serial # 69100829) and a Snake Charmer 410 gauged (serial # 43863) that was on the floor of the trunk. Also located in the trunk, TFO Nicholas Cooper located a green Crown Royal bag. Inside the Crown Royal bag were two plastic containers. One of the containers contained three baggies containing a total approximate weight of eight grams of suspected marijuana (exhibit 14). In the second container, five baggies containing a total approximate weight of 17 grams of methamphetamine (exhibit 9), two baggies containing a total approximate weight of 18 grams of cocaine (exhibit 10), a baggie containing four yellow Diazepam pills (exhibit 11), a baggie containing approximately one gram of suspected heroin/fentanyl (exhibit 12), two baggies containing a total 41 MDMA pills (exhibit 13), one container containing a one gram THC cigar (exhibit 15), three Buprenorphine packages (exhibit 16), an orange/white container that contained approximately eight grams of THC wax (exhibit 17), and an orange/white container that contained one pink Oxycodone pill (exhibit 18) were located inside. There were also several assorted firearm ammunition located in the trunk.

- Inside the shed behind the residence, TFO Cooper located several assorted firearm ammunition, as well as drug paraphernalia.

6. SA Youngblood spoke with Moore regarding the firearms. Moore advised all firearms located in the residence and the vehicle belonged to SKILLMAN. Moore and Williams also advised the Mitsubishi Galant belonged to SKILLMAN.

7. SA Youngblood seized exhibits 9 through 24, the 6 firearms, and the firearm ammunition located at the residence. SA Youngblood transported the exhibits, firearms, and ammunition to the Augusta POD, as witnessed by TFO Woods.

8. While at the Augusta POD, exhibits 9 through 24 were processed into DEA drug evidence and mailed to the Mid-Atlantic Laboratory for testing.

---

DEA Form    - 6a
(Jul. 1996)

**DEA SENSITIVE**
**Drug Enforcement Administration**

This report is the property of the Drug Enforcement Administration.
Neither it nor its contents may be disseminated outside the agency to which loaned.

Previous edition dated 8/94 may be used.

U.S. Department of Justice
Drug Enforcement Administration

*Exhibit A*

| REPORT OF INVESTIGATION | 1. File No. | 2. G-DEP Identifier |
|---|---|---|
| *(Continuation)* | 3. File Title<br>SKILLMAN, Donnie | |

| 4.<br>Page  4  of  8 | |
|---|---|
| 5. Program Code | 6. Date Prepared<br>06-28-2022 |

9. SA Youngblood, as witnessed by SA Martinez, transferred custody of the firearms and ammunition to ATF SA Wes Whitaker.

10. There were no arrest's made at this time.

11. This investigation continues.

## CUSTODY OF EVIDENCE

**Exhibit 9** - consists of 5 (five) clear plastic bags containing approximately 17 grams of suspected methamphetamine.  On June 28, 2022, exhibits 9 through 24 were seized by SA Jeremy Youngblood during a federal search warrant at Donnie SKILLMAN's residence located at 1909 Janelle Road Augusta, Georgia 30909, as witnessed by TFO Shedree Woods.  SA Youngblood transported exhibits 9 through 24 to the Augusta POD, as witnessed by TFO Woods.  SA Youngblood processed exhibits 9 through 24 as DEA evidence, as witnessed by TFO Woods. On June 28, 2022, exhibits 9 through 24 were sent to the DEA Mid-Atlantic Laboratory for analysis.

**Exhibit 10** - consists of 2 plastic bags containing approximately 18 grams of suspected powder cocaine.  On June 28, 2022, exhibits 9 through 24 were seized by SA Jeremy Youngblood during a federal search warrant at Donnie SKILLMAN's residence located at 1909 Janelle Road Augusta, Georgia 30909, as witnessed by TFO Shedree Woods.  SA Youngblood transported exhibits 9 through 24 to the Augusta POD, as witnessed by TFO Woods.  SA Youngblood processed exhibits 9 through 24 as DEA evidence, as witnessed by TFO Woods. On June 28, 2022, exhibits 9 through 24 were sent to the DEA Mid-Atlantic Laboratory for analysis.

**Exhibit 11** - consists of 4 (four) yellow pills.  On June 28, 2022, exhibits 9 through 24 were seized by SA Jeremy Youngblood during a federal search warrant at Donnie SKILLMAN's residence located at 1909 Janelle Road Augusta, Georgia 30909, as witnessed by TFO Shedree Woods.  SA Youngblood transported exhibits 9 through 24 to the Augusta POD, as witnessed by TFO Woods.  SA Youngblood processed exhibits 9 through 24 as DEA evidence, as witnessed by TFO Woods. On June 28, 2022, exhibits 9 through 24 were sent to the DEA Mid-Atlantic Laboratory for analysis.

DEA Form    - 6a
(Jul. 1996)

**DEA SENSITIVE**
**Drug Enforcement Administration**

This report is the property of the Drug Enforcement Administration.
Neither it nor its contents may be disseminated outside the agency to which loaned.

Previous edition dated 8/94 may be used.

**U.S. Department of Justice**
Drug Enforcement Administration

Exhibit A

| REPORT OF INVESTIGATION | 1. File No. | 2. G-DEP Identifier |
|---|---|---|
| *(Continuation)* | 3. File Title SKILLMAN, Donnie | |
| 4. Page 5 of 8 | | |
| 5. Program Code | 6. Date Prepared 06-28-2022 | |

**Exhibit 12** - consists of a clear baggie containing approximately 1 gram of suspected heroin. On June 28, 2022, exhibits 9 through 24 were seized by SA Jeremy Youngblood during a federal search warrant at Donnie SKILLMAN's residence located at 1909 Janelle Road Augusta, Georgia 30909, as witnessed by TFO Shedree Woods. SA Youngblood transported exhibits 9 through 24 to the Augusta POD, as witnessed by TFO Woods. SA Youngblood processed exhibits 9 through 24 as DEA evidence, as witnessed by TFO Woods. On June 28, 2022, exhibits 9 through 24 were sent to the DEA Mid-Atlantic Laboratory for analysis.

**Exhibit 13** - consists of 41 suspected MDMA pills. On June 28, 2022, exhibits 9 through 24 were seized by SA Jeremy Youngblood during a federal search warrant at Donnie SKILLMAN's residence located at 1909 Janelle Road Augusta, Georgia 30909, as witnessed by TFO Shedree Woods. SA Youngblood transported exhibits 9 through 24 to the Augusta POD, as witnessed by TFO Woods. SA Youngblood processed exhibits 9 through 24 as DEA evidence, as witnessed by TFO Woods. On June 28, 2022, exhibits 9 through 24 were sent to the DEA Mid-Atlantic Laboratory for analysis.

**Exhibit 14** - consists of 3 (three) clear plastic baggies containing approximately 8 grams of suspected marijuana. On June 28, 2022, exhibits 9 through 24 were seized by SA Jeremy Youngblood during a federal search warrant at Donnie SKILLMAN's residence located at 1909 Janelle Road Augusta, Georgia 30909, as witnessed by TFO Shedree Woods. SA Youngblood transported exhibits 9 through 24 to the Augusta POD, as witnessed by TFO Woods. SA Youngblood processed exhibits 9 through 24 as DEA evidence, as witnessed by TFO Woods. On June 28, 2022, exhibits 9 through 24 were sent to the DEA Mid-Atlantic Laboratory for analysis.

**Exhibit 15** - consists of a suspected marijuana cigar weighing approximately 1 gram. On June 28, 2022, exhibits 9 through 24 were seized by SA Jeremy Youngblood during a federal search warrant at Donnie SKILLMAN's residence located at 1909 Janelle Road Augusta, Georgia 30909, as witnessed by TFO Shedree Woods. SA Youngblood transported exhibits 9 through 24 to the Augusta POD, as witnessed by TFO Woods. SA Youngblood processed exhibits 9 through 24 as DEA evidence, as witnessed by TFO Woods. On June 28, 2022, exhibits 9 through 24 were sent to the DEA Mid-Atlantic Laboratory for analysis.

DEA Form - 6a
(Jul. 1996)

**DEA SENSITIVE**
**Drug Enforcement Administration**

This report is the property of the Drug Enforcement Administration.
Neither it nor its contents may be disseminated outside the agency to which loaned.

Previous edition dated 8/94 may be used.

U.S. Department of Justice
Drug Enforcement Administration

Exhibit A

| REPORT OF INVESTIGATION<br><br>*(Continuation)* | 1. File No. ███ | 2. G-DEP Identifier ███ |
|---|---|---|
| | 3. File Title<br>SKILLMAN, Donnie | |

| 4.<br>Page  6  of  8 | |
|---|---|
| 5. Program Code | 6. Date Prepared<br>06-28-2022 |

**Exhibit 16** - consists of 3 packs of suspected Buprenorphine.  On June 28, 2022, exhibits 9 through 24 were seized by SA Jeremy Youngblood during a federal search warrant at Donnie SKILLMAN's residence located at 1909 Janelle Road Augusta, Georgia 30909, as witnessed by TFO Shedree Woods.  SA Youngblood transported exhibits 9 through 24 to the Augusta POD, as witnessed by TFO Woods.  SA Youngblood processed exhibits 9 through 24 as DEA evidence, as witnessed by TFO Woods. On June 28, 2022, exhibits 9 through 24 were sent to the DEA Mid-Atlantic Laboratory for analysis.

**Exhibit 17** - consists of an orange/white container with approximately 8 grams of suspected THC wax.  On June 28, 2022, exhibits 9 through 24 were seized by SA Jeremy Youngblood during a federal search warrant at Donnie SKILLMAN's residence located at 1909 Janelle Road Augusta, Georgia 30909, as witnessed by TFO Shedree Woods.  SA Youngblood transported exhibits 9 through 24 to the Augusta POD, as witnessed by TFO Woods.  SA Youngblood processed exhibits 9 through 24 as DEA evidence, as witnessed by TFO Woods. On June 28, 2022, exhibits 9 through 24 were sent to the DEA Mid-Atlantic Laboratory for analysis.

**Exhibit 18** - consists of an orange/yellow container containing 1 (one) pink suspected oxycodone pill.  On June 28, 2022, exhibits 9 through 24 were seized by SA Jeremy Youngblood during a federal search warrant at Donnie SKILLMAN's residence located at 1909 Janelle Road Augusta, Georgia 30909, as witnessed by TFO Shedree Woods.  SA Youngblood transported exhibits 9 through 24 to the Augusta POD, as witnessed by TFO Woods.  SA Youngblood processed exhibits 9 through 24 as DEA evidence, as witnessed by TFO Woods. On June 28, 2022, exhibits 9 through 24 were sent to the DEA Mid-Atlantic Laboratory for analysis.

**Exhibit 19** - consists of a clear baggie containing approximately 2 grams of suspected marijuana.  On June 28, 2022, exhibits 9 through 24 were seized by SA Jeremy Youngblood during a federal search warrant at Donnie SKILLMAN's residence located at 1909 Janelle Road Augusta, Georgia 30909, as witnessed by TFO Shedree Woods.  SA Youngblood transported exhibits 9 through 24 to the Augusta POD, as witnessed by TFO Woods.  SA Youngblood processed exhibits 9 through 24 as DEA evidence, as witnessed by TFO

U.S. Department of Justice
Drug Enforcement Administration

*Exhibit A*

| REPORT OF INVESTIGATION | 1. File No. ▓▓▓▓ | 2. G-DEP Identifier ▓▓ |
|---|---|---|
| *(Continuation)* | 3. File Title SKILLMAN, Donnie | |

| 4. Page 7 of 8 | |
|---|---|
| 5. Program Code | 6. Date Prepared 06-28-2022 |

Woods. On June 28, 2022, exhibits 9 through 24 were sent to the DEA Mid-Atlantic Laboratory for analysis.

**Exhibit 20** - consists of 4 suspected Alprazolam pills. On June 28, 2022, exhibits 9 through 24 were seized by SA Jeremy Youngblood during a federal search warrant at Donnie SKILLMAN's residence located at 1909 Janelle Road Augusta, Georgia 30909, as witnessed by TFO Shedree Woods. SA Youngblood transported exhibits 9 through 24 to the Augusta POD, as witnessed by TFO Woods. SA Youngblood processed exhibits 9 through 24 as DEA evidence, as witnessed by TFO Woods. On June 28, 2022, exhibits 9 through 24 were sent to the DEA Mid-Atlantic Laboratory for analysis.

**Exhibit 21** - consists of 7 (seven) Zolpidem pills. On June 28, 2022, exhibits 9 through 24 were seized by SA Jeremy Youngblood during a federal search warrant at Donnie SKILLMAN's residence located at 1909 Janelle Road Augusta, Georgia 30909, as witnessed by TFO Shedree Woods. SA Youngblood transported exhibits 9 through 24 to the Augusta POD, as witnessed by TFO Woods. SA Youngblood processed exhibits 9 through 24 as DEA evidence, as witnessed by TFO Woods. On June 28, 2022, exhibits 9 through 24 were sent to the DEA Mid-Atlantic Laboratory for analysis.

**Exhibit 22** - consists of plastic baggie containing approximately 1 gram of suspected fentanyl. On June 28, 2022, exhibits 9 through 24 were seized by SA Jeremy Youngblood during a federal search warrant at Donnie SKILLMAN's residence located at 1909 Janelle Road Augusta, Georgia 30909, as witnessed by TFO Shedree Woods. SA Youngblood transported exhibits 9 through 24 to the Augusta POD, as witnessed by TFO Woods. SA Youngblood processed exhibits 9 through 24 as DEA evidence, as witnessed by TFO Woods. On June 28, 2022, exhibits 9 through 24 were sent to the DEA Mid-Atlantic Laboratory for analysis.

**Exhibit 23** - consists of approximately 1 gram of suspected marijuana. On June 28, 2022, exhibits 9 through 24 were seized by SA Jeremy Youngblood during a federal search warrant at Donnie SKILLMAN's residence located at 1909 Janelle Road Augusta, Georgia 30909, as witnessed by TFO Shedree Woods. SA Youngblood transported exhibits 9 through 24 to the Augusta POD, as witnessed by TFO Woods. SA Youngblood processed exhibits 9 through 24 as DEA evidence, as witnessed by TFO Woods. On June 28, 2022,

DEA Form - 6a
(Jul. 1996)

**DEA SENSITIVE**
**Drug Enforcement Administration**

This report is the property of the Drug Enforcement Administration.
Neither it nor its contents may be disseminated outside the agency to which loaned.

Previous edition dated 8/94 may be used.

U.S. Department of Justice
Drug Enforcement Administration

| REPORT OF INVESTIGATION<br><br>*(Continuation)* | 1. File No.<br>⬛⬛⬛⬛⬛ | 2. G-DEP Identifier<br>⬛⬛⬛ |
|---|---|---|
| | 3. File Title<br>SKILLMAN, Donnie | |
| 4.<br>Page **8** of **8** | | |
| 5. Program Code | 6. Date Prepared<br>06-28-2022 | |

exhibits 9 through 24 were sent to the DEA Mid-Atlantic Laboratory for analysis.

**Exhibit 24** - consists of 2 (two) containers containing suspected liquid methamphetamine from two different syringes.  On June 28, 2022, exhibits 9 through 24 were seized by SA Jeremy Youngblood during a federal search warrant at Donnie SKILLMAN's residence located at 1909 Janelle Road Augusta, Georgia 30909, as witnessed by TFO Shedree Woods.  SA Youngblood transported exhibits 9 through 24 to the Augusta POD, as witnessed by TFO Woods.  SA Youngblood processed exhibits 9 through 24 as DEA evidence, as witnessed by TFO Woods. On June 28, 2022, exhibits 9 through 24 were sent to the DEA Mid-Atlantic Laboratory for analysis.

**INDEXING**

1. SKILLMAN, Donnie:   ⬛⬛⬛⬛⬛

---

DEA Form     **- 6a**
(Jul. 1996)

**DEA SENSITIVE**
**Drug Enforcement Administration**

This report is the property of the Drug Enforcement Administration.
Neither it nor its contents may be disseminated outside the agency to which loaned.

Previous edition dated 8/94 may be used.



---

## Urgent Assistance Immediate Assistance Needed – Donnie Skillman's Appeal Rights
1 message

---

**Verna** <verna6901@gmail.com>                                          Fri, Apr 25, 2025 at 7:10 PM
To: Holly Chapman <hchapman@dcwattorneys.com>

I'm reaching out on behalf of Donnie Skillman, who is currently being held at Lincolnton Jail. Donnie has no clear way of getting in touch with you directly from where he is, and he's growing increasingly concerned.

He's asked me to reach out because he desperately needs to speak with you about an urgent and time-sensitive matter regarding his case.

I have not received any response to my previous email regarding Donnie Skillman's urgent situation.

Please, when possible, reach out to him directly or provide a way for him to get in touch with you as soon as possible. He is extremely anxious and in need of your guidance.

Thank you for your time and attention.


On Thu, Apr 24, 2025, 6:27 PM Verna <verna6901@gmail.com> wrote:
> Hi Mrs Chapman,
>
> I hope you're well. I'm writing on behalf of Donnie Skillman (Case No. 1:23-CR-00062). Donnie did not realize that following prior advice would waive his appellate rights—he does not consent to any waiver and intends to appeal the three counts of his conviction (Counts 7, 8, and 10).
>
> Donnie is requesting that you communicate with him or reach out to him ASAP to correct this situation and guide him through filing his appeal. Your prompt attention is critical to preserving his rights and moving forward.
>
> Thank you for your immediate assistance.

Exhibit C



# Immediate Assistance Needed – Donnie Skillman's Appeal Rights

1 message

**Verna** <verna6901@gmail.com>                                          Thu, Apr 24, 2025 at 6:27 PM
To: Holly Chapman <hchapman@dcwattorneys.com>

Hi Mrs Chapman,

I hope you're well. I'm writing on behalf of Donnie Skillman (Case No. 1:23-CR-00062). Donnie did not realize that following prior advice would waive his appellate rights—he does not consent to any waiver and intends to appeal the three counts of his conviction (Counts 7, 8, and 10).

Donnie is requesting that you communicate with him or reach out to him ASAP to correct this situation and guide him through filing his appeal. Your prompt attention is critical to preserving his rights and moving forward.

Thank you for your immediate assistance.

Exhibit C



**UNITED STATES POSTAL SERVICE.**

Retail

**P**

US POSTAGE PAID

**$0.00**

Origin: 33521
05/01/26
1117550512-02

PRIORITY MAIL®

0 Lb 9.40 Oz

RDC 03

EXPECTED DELIVERY DAY: 05/04/26

B010

SHIP
TO:



PO BOX 1130
AUGUSTA GA 30903-1130

USPS TRACKING® #



9505 5126 3317 6121 3643 69



PS00001000014

EP14F October 2023
OD: 12 1/2 x 9 1/2



**PRIORITY MAIL®**

To schedule free Package Pickup,
scan the QR code.



USPS.COM/PICKUP



PAPER POUCH
how2recycle.info

**FROM:** Donnie Skillman
Register # 88615-510
Federal Correctional institution
FCI Coleman Low
P.O.Box 1031
Coleman, FL 33521

**TO:**

U.S. District Court, Southern
District of GA
Augusta Division
Clerk of Court, P.O.Box
1130
Augusta GA 30903